**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Howard Robinson

             Plaintiff,

v.                   Case No.:
                   1:26−cv−04646

                   Honorable Jorge L.
                   Alonso

The Partnerships and Unincorporated Associations
Identified on Schedule A

             Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, July 15, 2026:

   MINUTE entry before the Honorable Jorge L. Alonso: Upon review of Plaintiff's complaint and supporting documents, the Court sua sponte raises the issue of whether the remaining 64 defendants can be properly joined in this single action under Federal Rule of Civil Procedure 20. See Tang v. Partnerships & Unincorporated Associations Identified on Schedule A, No. 23 C 4587, 2024 WL 68332, at *3 (N.D. Ill. Jan. 4, 2024); Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto, No. 23 C 17036, 2024 WL 1858592, at *6 (N.D. Ill. Apr. 29, 2024); Viking Arm AS v. Partnerships & Unincorporated Associations Identified on Schedule A, No. 1:24−cv−1566, 2024 WL 2953105, at *3 (N.D. Ill. June 6, 2024). In particular, the Court is concerned that the similarity in appearance of the products Defendants are alleged to have sold is not sufficient to satisfy Rule 20(a)(2)(A) in this particular context. See Estee Lauder Cosms. Ltd. v. The Partnerships, 334 F.R.D.182, 188 (N.D. Ill. 2020) ("Considering that the Defendants are copying the Este Lauder products, it is not a surprise that the counterfeited end−resultsalong with their images and descriptionswould be similar."); Ilustrata Servicos Design, Ltda. v. The Partnerships, No. 21−CV−05993, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021) ("Nor are Defendants or their alleged infringement 'interrelated' simply because the products sold by Defendants are similar."); Anagram Int'l, LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule A, No. 1:24−cv−12194, 2025 U.S. Dist. LEXIS 43230, at *9 (N.D. Ill. Feb. 21, 2025) ("[T]o the extent that the products bear some similarity in appearance, that in and of itself is not evidence of a singular transaction or occurrence."). By 8/5/26, Plaintiff must file a supplemental memorandum addressing the propriety of joinder in light of the principles set forth in the above−cited cases. In the alternative, Plaintiff has leave to file an amended complaint by 8/5/26 with a smaller subset of defendants, along with a memorandum explaining why that smaller subset of defendants is properly joined. The 7/16/26 status hearing is stricken. The Court additionally notes that, since it granted Plaintiff's request to effect service of process electronically [12, 16], the Seventh Circuit held that service by email on a Chinese defendant is only proper if the Hague Convention does not apply because the defendant's

physical address remains unknown, even after reasonably diligent efforts to ascertain it. Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., 2026 WL 1502198, at *6 (7th Cir. May 29, 2026). Any motion for default should address this binding precedent. Notice mailed by Judge's staff (lf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.