**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

HOWARD ROBINSON,

     Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

     Defendants.

Case No.: 1:26-cv-04646

Judge Jorge L. Alonso

Magistrate Judge M. David Weisman

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
JOINDER UNDER FED. R. CIV. P. 20**

Plaintiff, HOWARD ROBINSON ("Robinson" or "Plaintiff") submits this memorandum establishing that discretionary joinder of the defendants identified on Schedule A [2] ("Defendants") to the Complaint [1] is proper under Fed. R. Civ. P. 20, ("Rule 20"), and Plaintiff respectfully requests that the Court exercise its discretion to permit joinder of Defendants.

**INTRODUCTION**

Plaintiff is being forced to navigate a landscape of chaos created by Defendants' collective attack on Plaintiff's copyrighted works, and it is axiomatic that the Court prohibits Defendants from benefiting from the disorder they have sown. Even considering the limited information accessible to Plaintiff at this stage, there are multiple facts supporting that Defendants are all engaged in the same series of transactions or occurrences giving rise to Plaintiff's copyright claim.

In this action, the Defendants are operating anonymously but concurrently through various e-commerce stores, infringing Plaintiff's copyrights. Defendants' concurrent infringing conduct targeted a small portfolio of the same artist, occurred around the same time, within the same online retail spaces on the same popular U.S. marketplace platforms, Amazon Payments, Inc.

("Amazon"), Temu, LLC ("Temu"), PayPal, Inc. ("PayPal"), Stripe, Inc. ("Stripe"), Walmart Inc. ("Walmart"), and Roadget Business Pte. Ltd. ("SHEIN"), as well as on their respective webpages, and copying and displaying the same small portfolio of works by the same artist[1]:

| Def No. | Def Name | Infringing Evidence | CR Image & Reg No |
|---|---|---|---|
| 1 | QuJingXuLiaoShangMao | | VA 2-362-102 |
| 2 | shanxixinchuanyajianzhugongcheng | | VA 2-362-102 |
| 3 | pujiangxianjiayuanfuzhuangyouxiangongsi | | VA 2-362-102 |

This pattern of common, surreptitious infringement forms the defining aspect of the harm from which Plaintiff seeks protection and creates the logical relationship Rule 20 requires. Defendants' concurrent infringing conduct occurred around the same time, within the same online retail spaces on the same popular U.S. marketplace platforms , and webpages, targeting the same small portfolio of artworks by the same artist. *See* **Exhibit 1** (Infringement Summary for Defendants). Defendants' flooding of the market with similar infringing listings and derivative

---

[1] *See* **Exhibit 1** for the complete comparison chart showing Defendants' infringement.

works and uniform use of Plaintiff's copyrighted works online represent a series of infringing occurrences that have harmed Plaintiff through violations of Plaintiff's intellectual property rights, raise common questions of law and fact, and, therefore, establish joinder under Rule 20.

## ARGUMENT

Under Rule 20(a)(2), multiple defendants may be joined in a single action if: (1) the claims arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least one question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2). "In assessing whether the requirements of Rule 20(a)(2) are met," courts must construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Desai v. ADT Sec. Services, Inc.*, No. 11 C 1925, 2011 WL 2837435, at *3 (N.D. Ill. July 18, 2011). The plaintiff must only put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Joinder under Fed. R. Civ. P. 20 is a procedural "device centrally concerned with the economies of aggregating small claims" meant to "enable economies in litigation." *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). It has no effect on substantive rights, *McGilvray v. Powell* 700 N., 186 F.2d 909, 911 (7th Cir. 1951), and must be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the [Federal Rules of Civil Procedure], the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties[,] and remedies is strongly encouraged."); *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012). The key considerations, therefore, are whether the claims are logically related

and whether joinder will advance the just, speedy, and inexpensive resolution of the matter. *See Bose Corp. v. Partnerships et al.,* 334 F.R.D. 511, 512-513 (N.D. Ill. 2020).

Courts interpret the "same transaction or occurrence" requirement using a case-by-case approach based on a flexible standard, as Rule 20 itself does not define "occurrence," and courts have not considered the meaning of "occurrence" apart from the meaning of "transaction." *Id.*, 334 F.R.D. at 516; *Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007) ("[T]here is no formalistic test for determining whether suits arise out of the same transaction or occurrence."). Without an objective basis to define "occurrence" or "series of occurrences," therefore, "the proper analysis is an investigation of the fairest and most efficient way for a plaintiff to seek relief for the harm they have alleged." *Bose Corp.*, 334 F.R.D. at 513; *see also Milwaukee Elec. Tool Corp. v. the Individuals et al.*, No. 24 C 12487, Dkt. 156 at 6-7 (N.D. Ill. May 28, 2025) (Kocoras, J.) (unpublished). Pursuant to this fair and efficient analysis, courts have found that "canons of construction ordinarily suggest that terms connected by a disjunctive…be given separate meanings," and that the dictionary definitions suggest that "occurrence" is much broader than "transaction." *Bose Corp.,* 334 F.R.D. at 515. Thus, an "occurrence" has been defined as something that simply happens or appears, and is not necessarily the product of joint or coordinated action. *Id.*; *see Estée Lauder Cosmetics Ltd. v. P'ships*, 334 F.R.D. 182, 190 n. 6 (N.D. Ill. Jan. 27, 2020) (N.D. Ill. Jan 27, 2020) ("coordination between all defendants is not a necessary element of joinder…").

This promotes judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20. *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) ("Accordingly, all 'logically related' events entitling a person to institute a legal action against another generally are regarded as

4

comprising a transaction or occurrence."); *see also U.S. v. Mississippi*, 380 U.S. 128, 142 (1965) (finding joinder proper *even though defendants were independent actors and did not directly interact* with each other because defendants' actions were part of the same series of transactions or occurrences") (emphasis added). Likewise, "[t]he purpose behind the [logical relationship test] is judicial economy; to avoid a multiplicity of actions by resolving in a single lawsuit all disputes that ensue from a common factual background." *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994). "But '[a]bsolute identity of all events is unnecessary' for joinder." *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 325 (4th Cir. 2021).

Here, joinder of the Defendants is proper because Rule 20's inclusion of "occurrence" allows Plaintiff to join defendants who participate in reasonably related unlawful occurrences in a single case. *Bose Corp.*, 334 F.R.D. at 517; *see also Your True Nature, Inc. v. The Individuals*, et al., No. 24-cv-11162, Dkt. 173 at 2 (N.D. Ill. July 10, 2025) (Bucklo, J.) (unpublished). The well-pleaded allegations in Plaintiff's Complaint establish a *prima facie* case that Defendants are infringing Plaintiff's copyrighted works in a similar manner, within similar online e-commerce spaces, and during the same time period to copy and display unauthorized reproductions of Plaintiff's works as part of the same "occurrence" or "series of…occurrences" of mass harm, *i.e.*, the swarm of all Defendants attacking Plaintiff's federally registered copyrighted works at once. *See* **Exhibit 1**; *Bose Corp.*, 334 F.R.D. at 516; *see also Loewe S.A., Inc. v. the P'ships et al.*, No. 20-cv-07185, Dkt. 26 (N.D. Ill. Dec. 18, 2020) (Valderrama, J.) (unpublished); *Your True Nature, Inc.,* No. 24-cv-11162, Dkt. 173 at 2; *cf. Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 166 (E.D. Mich.) (citing *Mississippi*, 380 U.S. at 142). Plaintiff alleged that Defendants' activities, occurring at the same time in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or

series of occurrences. *See* [1] at ¶ 7. Plaintiff further alleged that "[t]he Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offers for sale, establishing a logical relationship between them and suggesting that Defendant's illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences," and asserted a cause of action against all Defendants for copyright infringement based on this conduct. *See Id*. at ¶¶ 7, 17-22.

As shown in **Exhibit 1**, Defendants' infringement is tightly concentrated around the unlawful reproduction and display of registered and derivative works, all created by the same individual, Howard Robinson. Across all of the infringing listings, the images on the products match Plaintiff's copyrighted works nearly pixel-for-pixel. This is not a case where multiple sellers happen to infringe a grab-bag of different artists; it is a cluster of sellers all gravitating toward the same small portfolio of Plaintiff's popular artworks because they are profitable to copy and display. It is a single, bounded "swarm" of online sellers trafficking in the same small portfolio of artworks, copied wholesale, and deployed across the same categories of consumer goods in the same online e-commerce marketplaces. That repetition – in both the choice of Plaintiff's artworks and the manner in which they are copied and displayed – is precisely the type of "shared, overlapping facts" that transforms separate listings into the same occurrence or series of infringing occurrences. Moreover, the similarity in infringement suggests that Defendants are likely sourcing their products from the same suppliers. Courts have found that the involvement of a common supplier or intermediary can support joinder under Rule 20, as it ties the defendants' actions into a single series of occurrences. *See Roadget Bus. Pte. v. the P'ships et al.*, No. 24-cv-00607, 2024 WL 3338942, *9-10 (N.D. Ill. July 9, 2024); *Neman Brothers & Associates, Inc. v. The P'ships, et al.*, No. 24-cv-05666, Dkt. 112 at 2 (N.D. Ill. Jan. 23, 2025) (Tharp, J.) (unpublished) (finding joinder

proper after noting that defendants' operations depend on high-level and supply chain coordination and cooperation).

Here, the consistency in product copying and display indicates a shared source or template, rather than independent creation or sale. *See* **Exhibit 1**. Defendants' uniform and shared infringing strategy, involving copying and displaying the same or similar infringing pirated derivative works on the internet across numerous storefronts, appears to be an effort to control the market for their infringing products and/or give the illusion of being authorized Howard Robinson Works. Defendants' selling through the same unauthorized channels, thus, results in the same core of legal and factual questions: whether Defendants' actions constitute copyright infringement, whether they acted willfully, and what damages or remedies should be awarded under 17 U.S.C. §§ 502, 503, 504, and 505. [1] at ¶¶ 21-22. These facts link the defendants together and evidence "shared, overlapping facts" which further support joinder by establishing an "occurrence" or "series of occurrences." *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 204 (N.D. Ill. 2013); *see Mississippi*, 380 U.S. 128, 142 (1965) (holding that joinder was proper even though defendants were independent actors and did not directly interact with each other because the "defendants' actions were part of the same series of transactions or occurrences").

Given this background, Defendants' "common, surreptitious conduct is the 'defining aspect of the harm' alleged by [Plaintiff] and creates a logical relationship among the parties and claims in the case." *Neman Bros. & Assocs., Inc. v. P'ships, et al.*, 2024 U.S. Dist. LEXIS 223383, at *10-11 (N.D. Ill. Dec. 10, 2024) (Tharp, J.); *Aidong Zou v. the Entities et al.*, No. 23-cv-16600, at Dkt. 60 (N.D. Ill. Mar. 8, 2024) (Kendall, J.) (unpublished) ("Taking [Plaintiff's] allegations as true, there is a clear logical relationship between Defendants' actions, as each Defendant copied

[Plaintiff's] work, manufactured counterfeit versions, and set up online stores to sell the counterfeits under a cloak of anonymity.").

When presented with similar facts, courts within this District frequently conclude that joinder is proper. *See, e.g., XYZ Corp., v. The Individuals, et al.,* No. 24-cv-1705, Dkt. 21 (N.D. Ill. Apr. 23, 2024) (Cummings, J.) (unpublished) (finding joinder proper after "plaintiff…establish[ed] that beyond just infringing the same copyright…the defendants…[sold] on the same platform…[using] pirated images…[in] offering… new items for sale"); *Loewe S.A., Inc.*, No. 20-cv-07185, Dkt. No. 26; *Your True Nature, Inc.*, No. 24-cv-11162, Dkt. No. 173 at *2 ("[Rule] 20 permits joinder of multiple defendants alleged to have participated in the same 'occurrence.' That criterion is satisfied…where each defendant is alleged to have participated in a 'swarm' of intellectual property infringements."); *Milwaukee*, No. 24 C 12487, Dkt. 156 (upholding joinder over 80 different defendants).

In sum, Defendants' concurrent infringing activities, targeting the same, small handful of Plaintiff's artworks and occurring simultaneously in the same online retail spaces and manner as one another, taken together with these authorities, this case fits squarely within Rule 20's flexible, economy-driven framework. Defendants' swarm-like online infringement arises from a common factual nucleus and gives rise to overlapping legal questions, such that separating the claims into dozens of individual lawsuits would splinter a single mass harm, waste judicial resources, and risk inconsistent outcomes on the same underlying conduct. Accordingly, "[d]iscretionary joinder [is] the best path forward." *Merch Traffic*, *LLC v. the P'ships, et al.*, No. 25-cv-01180, Dkt. 36 (N.D. Ill. Apr. 17, 2025) (Kendall, J.) (unpublished). Joinder will permit the Court to address Defendants' coordinated use of the same platforms, the same copyrighted works, and the same anonymizing

8

tactics in one proceeding. Therefore, joinder under Rule 20 is proper, the fairest, and most efficient means of resolving Plaintiff's claims.

## **CONCLUSION**

Defendants' concurrent infringement and Plaintiff's common claim and request for relief against Defendants demonstrate a logical relationship between Defendants' actions and Plaintiff's copyright claim, supporting a finding in favor of permissive joinder under Fed. R. Civ. P. 20(a)(2) in this case. Permitting joinder here will unequivocally signal that artistic rights matter and that the Court will not tolerate acts of copyright infringement. For the foregoing reasons, Plaintiff respectfully requests that the Court exercise its discretion and permit joinder of Defendants. All unpublished cases cited herein are attached as **Exhibit 2**.

Dated: August 5, 2026

Respectfully submitted,
*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite 306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on August 5, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Keith Vogt*
Keith Vogt